IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT SHEAKALEE,<br><br>　　　　Plaintiff,<br>　　v.<br><br>FORTIS BENEFITS INSURANCE COMPANY, and DOES 1 through 50, inclusive,<br><br>　　　　Defendants.<br><br>AND RELATED CLAIMS | 08-CV-00416-AWI-GSA<br><br>ORDER GRANTING COUNTERDEFENDANT'S MOTION TO DISMISS<br><br>(Document # 25) |

　　　This case comes before the Court on a motion to dismiss brought by plaintiff and counterdefendant Albert Sheakalee ("Sheakalee") against defendant and counterclaimant Union Security Insurance Company ("USIC"), formerly known as Fortis Benefits Insurance Company. For the reasons that follow, the motion to dismiss will be granted.

**FACTUAL AND PROCEDURAL BACKGROUND**

　　　USIC issued to Community Medical Centers a group long term disability insurance policy ("Policy") as part of an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. section 1001, et seq. Albert Sheakalee was

an employee of Community Medical Centers and, through his employment, was insured under the Policy.  On June 9, 2008, Sheakalee filed a first amended complaint against USIC in this Court alleging that USIC wrongfully terminated his disability benefits.  Sheakalee alleged that he became disabled on or about August 9, 2001, at which point he filed a claim with USIC as required by the Policy.  Sheakalee alleged that USIC provided benefits to Sheakalee for approximately two years, until ultimately informing him, on or about September 28, 2005, that it reached a final decision to deny any further benefits beyond August 8, 2003.

On June 19, 2008, USIC filed a counterclaim against Sheakalee with five claims for relief.  USIC alleges that while Sheakalee was receiving disability benefits from USIC, he also received an award of disability benefits from the United States Social Security Administration, which included a retroactive benefit payment.  Under the terms of the Policy, USIC alleges that disability benefits awarded by the Social Security Administration are required to be offset against benefits paid under the Policy.  Accordingly, USIC seeks the repayment of $36,355.28 in overpayment that it alleges is wrongfully retained by Sheakalee.  USIC brings two counts for breach of contract, a common count claim, account stated, constructive trust, and an unjust enrichment/restitution claim.

On July 9, 2008, Sheakalee filed a motion to dismiss USIC's first through fourth causes of action.  USIC filed an opposition on August 4, 2008.  Sheakalee filed a reply on August 11, 2008.

**LEGAL STANDARD**

A complaint may be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Balistreri v. Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990).  A Rule 12(b)(6) dismissal can be based on the failure to allege a

cognizable legal theory or the failure to allege sufficient facts under a cognizable legal theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir.1984). In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421(1969).

## DISCUSSION

### A.     ERISA Preemption

As the Supreme Court explained, "Congress enacted ERISA to 'protect . . . the interests of participants in employee benefit plans and their beneficiaries' by setting out substantive regulatory requirements for employee benefit plans and to 'provid[e] for appropriate remedies, sanctions, and ready access to the Federal courts.' 29 U.S.C. § 1001(b). The purpose of ERISA is to provide a uniform regulatory regime over employee benefit plans. To this end, ERISA includes expansive pre-emption provisions . . . which are intended to ensure that employee benefit plan regulation would be exclusively a federal concern." Aetna Health Inc. v. Davila, 542 U.S. 200, 208 (2004). "Therefore, any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." Id. at 209.

A state law claim is preempted by ERISA if: (1) there is an "employee benefit plan" as defined by ERISA; and (2) the state law claim "relates to" the ERISA plan. 29 U.S.C. § 1144(a); Peralta v. Hispanic Business, Inc., 419 F.3d 1064, 1069 (9th Cir. 2005). The effect of a court finding that a claim has been preempted results in the substitution of the applicable federal law in place of the preempted state law, which generally results in the dismissal of the cause of action. See Sola Elec. Co. v. Jefferson Elec. Co., 317 U.S. 173 (1942); Bast v. Prudential Ins. Co. of Am., 150 F.3d 1003 (9th Cir. 1998) (ERISA preempted breach of contract claim and breach of

3

covenant of good faith and fair dealing claim).

Sheakalee argues that USIC's first three claims for relief must be dismissed because they are preempted by ERISA and may not be brought under the statute. First, Sheakalee contends that the first through third claims for relief constitute state law claims that are preempted by ERISA because they "relate to" employee benefits plans. Second, Sheakalee contends that the claims do not fall within the scope of ERISA's enforcement provisions. Under 29 U.S.C. § 1132(a)(3), a civil action may be brought under ERISA "by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan."

There is no dispute here that USIC's first through third claims for relief — breach of contract, common count, and account stated — constitute claims under California law. Moreover, there is no dispute that there exists an employee benefit plan governed by ERISA, that USIC is a fiduciary of that plan and Sheakalee a beneficiary, and that the state law claims before the Court relate to that plan.[1] ERISA "supersede[s] any and all state laws insofar as they . . . relate to any employee benefit plan." 29 U.S.C. § 1144(a). For purposes of § 1144(a), the term "state laws" includes state law claims for breach of contract, common count and account stated. Accordingly, the Court finds that the first through third claims brought by USIC are preempted by ERISA.

USIC argues that the Supreme Court decision in <u>Sereboff v. Mid Atlantic Medical Services, Inc.</u>, 547 U.S. 356 (2006), controls here. In <u>Sereboff</u>, the beneficiaries of a health plan covered by ERISA suffered injuries in an automobile accident and received medical expenses

---

[1] In order to determine whether a law "relates to" an employee benefit plan, the normal sense of the phrase is used, and such relation exists if the state law in question has a connection or reference to such a plan; if there is no "plan," state law is not preempted. Here, USIC expressly states that "[e]ach claim alleged in USIC's Counterclaim seeks reimbursement of overpayments *pursuant to the terms and conditions of the Policy* . . . ." Opp. at 3 (emphasis added).

4

from the plan as well as proceeds from a settlement with third party tortfeasors in a personal injury action. Subsequently, the fiduciary of the health plan filed an action against the beneficiaries, seeking reimbursement for the amounts it paid from the beneficiaries' settlement proceeds, pursuant to the terms of the plan. As USIC correctly points out, the court held that the fiduciary was in fact seeking "equitable relief" and thus could maintain the action under ERISA provision 29 U.S.C. § 1132(a)(3)(B). Id.

However, USIC's reliance on Sereboff is misplaced. In Sereboff, the sole claim before the court was a cause of action for restitution. See Mid Atlantic Medical Services, Inc. v. Sereboff, 303 F.Supp.2d 691, 693 (D. Md. 2004). Hence, the only question addressed by the court was whether the fiduciary's request for reimbursement through a restitution claim was actionable "equitable relief" under ERISA. It is true that the case "involve[d] a breach of contract" and that the fiduciary "alleged breach of contract and sought money," but as the Supreme Court explained, the case was not brought as "a contract action at law." Sereboff, 547 U.S. at 363. The court did not touch on any of the three causes of action at issue here and thus the decision is not relevant for the purposes of this motion.[2]

The remaining authorities cited by USIC purportedly in support of the position that its first through third causes of action may be brought under ERISA are neither relevant nor binding upon this Court. See, e.g., Totten v. Hill, 64 Cal. Rptr. 3d 357 (Ct. App. 2007); Civil Minutes, Peterson v. Standard Ins. Co., No. CV 07-4345 PA (C.D. Cal. 2007); Dillard's Inc. v. Liberty Life Assurance Co. of Boston, 456 F.3d 894 (8th Cir. 2006); Gilcrest v. Unum Life Ins. Co. of Am., No. 05-CV-923, 2006 WL 2251820 (S.D. Ohio 2006); Gutta v. Standard Select Trust Ins. Plans, 530 F.3d 614 (7th Cir. 2008).

Accordingly, Sheakalee's motion to dismiss the first, second and third claims for relief brought by USIC is granted.

---

[2] The Court notes that USIC's counterclaim also includes a restitution cause of action, but Sheakalee has not moved to dismiss that claim and so the Court will not address it.

### B. Constructive Trust Cause of Action

Sheakalee argues that USIC's fourth cause of action, constructive trust, must be dismissed because it is not a cause of action under California law. USIC failed to respond to this point in its opposition, and Sheakalee is correct that constructive trust is an equitable remedy in California, not a cause of action as plead by USIC. Stansfield v. Starkey, 220 Cal. App. 3d 59, 76 (Ct. App. 1990) ("[A]ppellants alleged, as causes of action, a resulting trust and a constructive trust. But neither is a cause of action, only a remedy.") (internal citations omitted). Accordingly, Sheakalee's motion to dismiss the fourth claim for relief brought by USIC is granted.

### ORDER

Based on the above memorandum opinion, the Court ORDERS that:

1. Sheakalee's motion to dismiss USIC's first, second and third claims for relief is GRANTED with prejudice; and

2. Sheakalee's motion to dismiss USIC's fourth claim for relief is GRANTED with prejudice.

IT IS SO ORDERED.

Dated:   September 12, 2008           /s/ Anthony W. Ishii
                                      CHIEF UNITED STATES DISTRICT JUDGE