1
2
3
4
5
6
7          IN THE UNITED STATES DISTRICT COURT FOR THE

8                  EASTERN DISTRICT OF CALIFORNIA

9
   ALBERT SHEAKALEE,                    )      1:08-cv-00416 AWI GSA
10                                       )
          Plaintiff,                     )
11                                       )
                                         )      ORDER REGARDING MOTION FOR
12  v.                                   )      DISCOVERY REGARDING CONFLICT OF
                                         )      INTEREST
13                                       )      (Document 34)
   FORTIS BENEFITS INSURANCE            )
14  COMPANY, and DOES 1 through 50,      )      ORDER REGARDING MOTION TO STRIKE
   inclusive,                           )      DECLARATION OF ALYSON A. BERG
15                                       )      (Document 44)
                                         )
16          Defendants.                  )
                                         )
17  _____ )

18
19                            INTRODUCTION

20         Plaintiff Albert Sheakalee ("Plaintiff") filed the instant motion for discovery regarding

21  conflict of interest on August 7, 2008.  Defendant Union Security Insurance Company, formerly

22  known as Fortis Benefits Insurance Company ("Defendant" or "USIC"), filed its opposition to

23  Plaintiff's motion for discovery.  In addition, USIC filed a motion to strike portions of the

24  Declaration of Alyson Berg in support of Plaintiff's motion for discovery.  This court considered the

25  motions on the record and without oral argument on the now vacated September 12, 2008 hearing.

26  ///

27  ///

28                                     1

1

## PROCEDURAL BACKGROUND

2       On April 9, 2007, Plaintiff filed this action in the Fresno County Superior Court against

3 Defendant, alleging causes of action based on an alleged breach of a group disability policy.

4 Defendant removed the action to this Court on March 21, 2008, on the basis of this Court's original

5 jurisdiction over the subject matter pursuant to the Employee Retirement Income Security Act

6 ("ERISA"), 29 U.S.C. § 1001 *et seq*.

7       Plaintiff filed a first amended complaint for recovery of ERISA benefits on June 9, 2008.  He

8 seeks recovery of unpaid benefits, as well as attorneys' fees and costs.  Defendant filed an answer

9 and counterclaim on June 19, 2008.[1]

10       Pursuant to the Court's July 17, 2008, scheduling conference order, Plaintiff was directed to

11 serve proposed written discovery requests on USIC by July 24, 2008.  Thereafter, if USIC objected

12 to the requests for discovery, then Plaintiff was directed to file a motion to compel discovery and/or

13 motion for leave to conduct discovery on or before August 7, 2008, with a hearing noticed for

14 September 12, 2008.

15       In accordance with the Court's order, Plaintiff filed the instant motion for discovery

16 regarding conflict of interest on August 7, 2008.  Plaintiff is seeking discovery outside the

17 administrative record involving the alleged existence of defendant's conflict of interest in

18 administering Plaintiff's claim.  Plaintiff contends he is entitled to discovery regarding conflict of

19 interest.  Defendant counters that the Court's review should be limited to the administrative record

20 and discovery should not be allowed in this matter.  In the alternative, Defendant contends that if the

21 Court were to allow discovery on the issue of conflict of interest, it should be narrowly tailored.

22

## FACTUAL BACKGROUND

23       According to his first amended complaint, Plaintiff became disabled on August 9, 2001, and

24 requested long term disability payments under a long term disability policy issued by Defendant.

25 _____

26    [1]        On July 9, 2008, Plaintiff filed a motion to dismiss the counterclaim.  The Court granted

27             the motion on September 15, 2008.

28                                                     2

1   Defendant concluded that Plaintiff was disabled and provided benefits for approximately two years.

2   Thereafter, Defendant stopped making payments, allegedly claiming that it was undertaking an

3   investigation and analysis of Plaintiff's medical condition.  Defendant discontinued long term

4   disability benefits and Plaintiff pursued applicable review and appeal rights under the policy.  On or

5   about September 28, 2005, Defendant informed Plaintiff that it had made the final decision to deny

6   him any long term disability benefits beyond August 8, 2003.

7       Plaintiff contends that he has remained continuously disabled since August 9, 2001, and his

8   disability results from physical injuries, including severe and pervasive back problems.  Plaintiff

9   alleges that Defendant engaged in a "deliberate arbitrary and capricious effort to manufacture a basis

10  to deny further benefits to Plaintiff."  First Amended Complaint, at ¶11.  Plaintiff further alleges that

11  Defendant has unreasonably refused and failed provide him with long term benefits to which he is

12  entitled.

13                          PLAINTIFF'S REQUESTED DISCOVERY

14      Plaintiff seeks the following discovery: (1) documents regarding USIC's practices and

15  procedures for when to seek Independent Medical Examinations ("IME") and/or contact treating

16  physicians; (2) interrogatories regarding the number of IMEs requested for claims of back injuries

17  since 1999; (3) documents regarding USIC's handling of other similarly situated claims of long term

18  disability benefits: (4) interrogatories regarding compensation to Drs. Heligman and Galbraith from

19  1999 to the present; (5) documents regarding the reserve set for Plaintiff's disability claim; (6)

20  deposition of USIC's person most knowledgeable about Plaintiff's claim; and (6) depositions of Drs.

21  Heligman and Galbraith.

22                                  DISCUSSION

23  **A.    Motion for Discovery**

24      1.    *Discovery in ERISA Actions*

25      The discovery allowed in ERISA actions challenging the denial of benefits, if any, is directly

26  related to the standard of review employed by the Court.  While the default standard of review is *de*

27  *novo*, the Court will review the decision for abuse of discretion where an ERISA plan grants

28                                      3

1  discretion to the plan administrator. *Abatie v. Alta Health & Life Insurance Co.*, 458 F.3d 955, 967

2  (9th Cir. 2006) (en banc). In this instance, neither party appears to contend that the standard of

3  review is *de novo.* Accordingly, *Abatie* provides that an abuse of discretion review is limited to the

4  administrative record. *Id.* at 970. However, the Ninth Circuit recognized that a district court may, in

5  its discretion, consider evidence outside the administrative record to decide the nature, extent and

6  effect on the decision-making process of any conflict of interest; the decision on the merits, though

7  must rest on the administrative record once the conflict (if any) has been established, by extrinsic

8  evidence or otherwise. *Id.* at 970.

9         The United States Supreme Court confirmed in *Metropolitan Life Insurance Co. v. Glenn*,

10  128 S.Ct. 2343 (2008) that a conflict of interest "should prove more important (perhaps of great

11  importance) where circumstances suggest a higher likelihood that it affected the benefits decision,

12  including, but not limited to, cases where an insurance company administrator has a history of biased

13  claims administration." *Id.* at 2351. The Court held that a district court could consider evidence of

14  an administrator's actions taken in an effort "to reduce potential bias and to promote accuracy," such

15  as "walling off claims administrators from those interested in firm finances," or "imposing

16  management checks that penalize inaccurate decisionmaking irrespective of whom the inaccuracy

17  benefits." *Id.*

18         *Glenn* and *Abatie* require a district court to consider the conflict of interest as a factor whose

19  weight depends on the "nature, extent, and effect" of the conflict on the decision-making process,

20  which may be unmasked through discovery. *Abatie*, 458 F.3d at 967, 970; *see also Welch v.*

21  *Metropolitan Life Ins. Co.*, 480 F.3d 942, 949-50 (9th Cir. 2007) (court awarded partial attorney's

22  fees by concluding that some discovery aimed at demonstrating a conflict of interest may be

23  appropriate). However, "such discovery must be narrowly tailored and cannot be a fishing

24  expedition." *Groom v. Standard Ins. Co.*, 492 F.Supp.2d 1202, 1205 (C.D.Cal. 2007). It must be

25  limited to requests that are relevant to the "nature, extent, and effect on the decision-making process

26  of any conflict of interest." For example, relevant inquiries might include inquiries designed to

27  obtain "evidence of malice, of self-dealing, or of a parsimonious claims-granting history." *Id*. at 1206

28                                                          4

1    (quoting *Abatie*, 458 F.3d at 968).

2            2.    *Analysis*

3            Given the limitations under an abuse of discretion standard, Plaintiff's entitlement to

4    discovery is likewise limited.  As discussed, Plaintiff is entitled to discovery as to the structural

5    conflict of interest issue, but is not entitled to discovery aimed at exposing how and why the

6    decisions were made or whether the decision was "correct."  The court now turns to the requested

7    discovery.

8            a.    Documents regarding USIC's practices and procedures for when to seek IMEs or
                  contacting treating physicians.
9
10           Plaintiff requests policies regarding IMEs and contacting treating physicians dated from 1999

11   to the present.  Defendant argues that the request is overbroad and indicates that counsel for USIC

12   offered to produce responses for the period of 2001 (when Plaintiff submitted his claim) to the

13   present.  In the reply, Plaintiff notes its attempt to informally resolve the dispute by seeking

14   information regarding USIC's practices from 2000 (the time the policy was issued) to the present.

15           Plaintiff argues that the information regarding interpretation of a policy includes information

16   before and after the policy is issued and the claim submitted, citing *Glenfed Dev. Corp. v. Superior*

17   *Court*, 53 Cal.App.4th 1113 (1997).  *Glenfed* does not support fully Plaintiff's position.  The state

18   court in *Glenfed* discussed the relevance of a claims manual that did not go into effect until after a

19   policy was issued.  *Glenfed* does not address information available before a policy was issued.  As

20   such, Plaintiff is not entitled to discovery regarding the time period at issue prior to issuance of his

21   policy.  However, discovery regarding USIC's policies in seeking IMEs on long term disability

22   claims and contacting treating physicians relates to the issue of alleged procedural irregularities and

23   is appropriate for discovery with a time period limitation from the time the policy was issued in 2000

24   to the present.  Therefore, Plaintiff's request for the production of such documents from 2000 to the

25   present is GRANTED.

26           b.    Interrogatories regarding the number of IMEs requested for claims of back injuries
                  since 1999.

27           Plaintiff seeks responses to interrogatories regarding the number of IMEs requested for

28                                                    5

claims of back injuries since 1999, which is one year before the policy was issued.  Plaintiff argues that the number of times USIC sought IMEs for claims of back injuries or contacted the treating physician is probative of why no IME was sought nor contact made with his treating physician. Defendant contends that information regarding the number of times USIC sought IMEs for claims of back injuries is irrelevant to Plaintiff's claims.

It does not appear that responses to such interrogatories would provide the "why" that Plaintiff is seeking.  They also would not provide additional information regarding Plaintiff's claim and whether USIC's policies and procedures, if any, regarding IMEs or contacting treating physicians were followed in Plaintiff's case.  The administrative record speaks for itself about USIC's contacts with Plaintiff's treating physicians or obtaining an IME.  There is no indication that the administrative record does not include all contacts with Plaintiff's physicians or information relevant to the requesting of an IME.  Therefore, Plaintiff's request is denied.

c.    Documents regarding USIC's handling of other similarly situated claims of long term disability benefits.

Plaintiff seeks discovery of the number of similar claims involving application of the special conditions provision of the policy at issue to claims of back injuries handled by USIC since 1999. Plaintiff contends it is seeking discovery of the "administrative precedent" as to USIC's handling of similarly situated claimants.  Defendant counters that this information does not have any probative value into whether a conflict of interest exists and/or its specific effect on the benefits decision at issue.  Defendant also contends that the request is vague, overbroad and burdensome.

The request appears overbroad and burdensome as written, but Plaintiff is entitled to some information regarding administrative precedents in the application of the special conditions to back injuries.  *See*, *e.g.*, *Cannon v. UNUM Life Ins. Co. of America*, 219 F.R.D. 211, 213 (D. Me. 2004); *Beckstrand v. Electronic Arts Group Long Term Disability Insurance Plan*, 2007 WL 1599769, *5 (E.D.Cal. June 4, to 2007) (evidence that plan had a record of denying benefits goes to deference the court will use in reviewing the merits of the case).  While Plaintiff is not entitled to discovery into the *circumstances* of other claimants whose disabilities involved back injuries, he is entitled to

6

information regarding whether the plan had a record of applying the special conditions to a back injury.  Accordingly, Plaintiff's document request as written is denied.  It appears better suited to a limited interrogatory regarding the number of times USIC applied the special conditions to a back injury from the time Plaintiff's policy was issued in 2000 to the present.

   d. Interrogatories regarding compensation to Drs. Heligman and Galbraith from 1999 to the present.

   Plaintiff seeks information regarding the compensation paid to Drs. Heligman and Galbraith by USIC.  Defendant counters that the discovery is irrelevant and would show only the bias of the consultant and is not probative of whether a conflict of interest exists.  In this instance, it appears that Plaintiff is entitled to information regarding the compensation paid by USIC to Drs. Heligman and Galbraith as it is relevant to the nature, extent and affect of any conflict of interest.  *See, e.g.*, *Harper v. UNUM Life Ins. Co. of America*, 2007 WL 1792004, *5 (E.D.Cal. June 19, 2007) (information related to the compensation paid to defendant's in-house medical personnel determined relevant to the nature, extent and affect of the conflict of interest).  Accordingly, Plaintiff is GRANTED leave to propound interrogatories regarding compensation paid by USIC to Drs. Heligman and Galbraith..

   e. Documents regarding the reserve set for Plaintiff's disability claim.

   Plaintiff seeks documents regarding the reserve set for his disability claim as evidence of USIC's conflict of interest.  USIC contends that the request for reserve information is wholly irrelevant and not probative of conflict.  USIC further contends that USIC's analysts do not have any input or otherwise have any involvement with setting reserves and do not access or utilize reserve information in processing claims.  USIC does not cite any authority for the proposition that discovery concerning the reserve amount set for Plaintiff's claim is precluded.  In *McCurdy v. Metropolitan Life Ins. Co.*, 2007 WL 915177, *3-4 (E.D.Cal. March 23, 2007), the court permitted discovery of documents pertaining the reserve set for a plaintiff's claim.  Accordingly, Plaintiff is GRANTED leave to propound the proposed document request regarding the reserve set for Plaintiff's claim.

//

//

7

1       f.     Deposition of USIC's person most knowledgeable about Plaintiff's claim.

2       Plaintiff seeks a deposition of the person most knowledgeable from USIC regarding the

3 handling of his claim.  Plaintiff argues "USIC's deliberately inconsistent positions in not denying

4 [Plaintiff's] claim as to his back injuries in 2001 and then denying benefits beyond 2003 based on his

5 back injuries being suffered since 2001 justifies the deposition of USIC's person most

6 knowledgeable regarding his claim."  Memorandum of Points and Authorities in Support of Motion,

7 at p. 12.  Defendant objects and argues that Plaintiff's discovery is aimed at ascertaining how and

8 why the decision was made.  The Court agrees.

9       Plaintiff's reasoning for the deposition at issue does not appear related to any conflict of

10 interest.  Instead, the discovery Plaintiff seeks goes directly to the reasoning behind the positions

11 defendant took and its denial of benefits.  *See*, *e.g.*, *Harper*, 2007 WL 1792004, *5 (plaintiff not

12 entitled to depose defendant's employees in ERISA action where information related to a challenge

13 to the decision made by defendant).  As such, Plaintiff's request for the deposition of a person most

14 knowledgeable should be denied.

15       g.     Depositions of Physicians Heligman and Galbraith.

16       Plaintiff contends that he is entitled to depose Drs. Heligman and Galbraith on the issues of

17 bias and an incomplete investigation.  Defendant objects to the depositions and contends, as with the

18 deposition of the person most knowledgeable, that Plaintiff's depositions are aimed at ascertaining

19 how and why the decision was made and whether the decision was correct.  Defendant's objection

20 has merit.

21       Plaintiff cites to the unreported decision of *Winz-Byone v. Metropolitan Life Ins. Co.,* 2007

22 WL 4276751 (C.D.Cal. November 16, 2007), for the proposition that the deposition of a physician is

23 appropriate to obtain information that the insurer sought a medical review that it knew was

24 incomplete, biased, influenced, or affected by its conflict of interest.  In this case, however, Plaintiff

25 does not appear to be seeking information regarding the *insurer's* conflict of interest.  In his reply

26 papers, Plaintiff argues that he seeks limited depositions to "evaluate the nature and effect of USIC's

27 conflict of interest *as demonstrated by the incomplete and biased reports of Drs. Heligman and*

28

1   *Galbraith."*  Reply, at p. 17 (emphasis added).  This discovery goes directly to the personal

2   motivations and reasoning of these physicians in seeking or not seeking additional information in the

3   denial of Plaintiff's claim and the alleged tenor of their reports.  It does not go to USIC's conflict of

4   interest.  Further, the underlying decision of the magistrate judge at issue in *Winz-Byone* did not

5   permit the deposition for the purpose of discovering the motivations and thought processes of the

6   physician.  Instead, the magistrate judge permitted discovery that explored the structural conflict of

7   interest, "i.e., how much money was received from defendants, what percentage of the total salaries

8   is provided by defendants, etc.," which were relevant to the nature, extent, and affect of the conflict

9   of interest.  *Id*. at *3.  Here, the salary information will be provided through interrogatories and

10  therefore Plaintiff's request for the depositions of Drs. Heligman and Galbraith is DENIED.

11          Based on the foregoing, Plaintiff's Motion for Conflict of Interest Discovery is GRANTED

12  IN PART and DENIED IN PART.

13  **B.    Motion to Strike**

14          Defendant moves to strike portions of the declaration submitted by Plaintiff's counsel,

15  Alyson Berg, in support of the motion to compel discovery.  Specifically, Defendant moves to strike

16  the following portions of Ms. Berg's declaration:

17          1.      "...indicating that an independent medical examination was conducted regarding

18                  SHEAKALEE's claim of depression/anxiety confirming his disability... No such

19                  independent medical examination was conducted in connection with SHEAKALEE's

20                  claim of back injuries."  (Paragraph 3, page 2, lines 10-13).

21          2.      "...indicating contact was made by USIC with SHEAKALEE's treating physician

22                  prior to USIC paying benefits for SHEAKALEE's depression claim...  No such

23                  contact was made with SHEAKALEE's treating physician in connection with his

24                  claim for back injuries." (Paragraph 4, page 2, lines 15-18).

25          3.      "...indicating that USIC knew that SHEAKALEE claimed both back injuries and

26                  depression at the time he submitted his claim in 2001."  (Paragraph 5, page 2, lines

27                  20-21).

28                                                      9

4.      "...is portions of [the] administrative record regarding reserve amounts."  (Paragraph 6, page 2, lines 22-23).

Defendant argues that these portions of Ms. Berg's declaration lack personal knowledge, lack foundation, contain improper opinions and conclusions, are hearsay and are irrelevant in violation of the Federal Rules of Evidence.  Defendant further contends that these same portions of Ms. Berg's declaration are extrinsic to the administrative record and must be stricken as the court may review only the administrative record when considering whether the administrator abused its discretion.  It should be noted that Plaintiff appears to admit that the portion of her declaration regarding reserve amounts is inaccurate.

Defendant's concern appears to be that the Court will consider the specified portions of Ms. Berg's declaration when determining whether there was an abuse of discretion in this matter.  That issue, however, is not presently before the Court.  As to the remaining contentions, the contested portions of the declaration were not relied on to resolve the motion for discovery and consideration of the contested portions would not affect the conclusion.  Therefore, the Court denies the motion to strike as moot.  *See, e.g.*, *Lowdermilk v. U.S. Bank National Ass'n*, 2006 WL 4100011, *4 (D.Or. August 16, 2006) (denying motion to strike as moot where consideration of the disputed evidence would not affect court's conclusion).

<u>Conclusion</u>

Based on the foregoing, the Court orders as follows:

1.    Plaintiff's Motion for Discovery Regarding Conflict of Interest is GRANTED IN PART AND DENIED IN PART.

2.    The permitted discovery shall be subject to a protective order limiting the use of the information discovered to use for purposes of this litigation only.  The parties are directed to prepare and submit a proposed protective order by September 26, 2008.

3.    Defendant's Motion to Strike is DENIED as moot.

1   IT IS SO ORDERED.

2   **Dated:**   **September 16, 2008**                    _____/s/ **Gary S. Austin**_____
                                                           UNITED STATES MAGISTRATE JUDGE

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                                11