# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT SHEAKALEE,<br><br>    Plaintiff,<br><br>v.<br><br>FORTIS BENEFITS INSURANCE COMPANY, and DOES 1 through 50, inclusive,<br><br>    Defendants.<br><br>AND RELATED CLAIMS | NO. 1:08-CV-00416 AWI-GSA<br><br>ORDER ON DEFENDANTS' MOTION TO LIMIT THE RECORD AND IN THE ALTERNATIVE MOTION TO STRIKE PLAINTIFF'S EXPERT DISCLOSURE<br>(Document # 61) |

This case comes before the court on Defendant and counterclaimant Union Security Insurance Company's ("USIC")[1] motion to limit the record or in the alternative to strike plaintiff and counterdefendant Albert Sheakalee's ("Sheakalee") expert witness disclosure. Sheakalee's complaint requests that the court review USIC's denial of Sheakalee's long term disability benefits under a group long term disability insurance policy ("Policy") issued by USIC.

## PROCEDURAL BACKGROUND

On June 9, 2008, Sheakalee filed a first-amended complaint in this court alleging that

---

[1] USIC is formerly known as Fortis Benefits Insurance Company.

USIC improperly terminated his long term disability benefits under the Employee Retirement Income Security Act of 1974 ("ERISA"). Sheakalee alleges that he became disabled on or about August 9, 2001, at which point he filed a claim with USIC as required by the Policy. Sheakalee alleges that USIC provided benefits to Sheakalee for approximately two years, until informing him, on or about September 28, 2005, that it reached a final decision to deny any further benefits beyond August 8, 2003.

On December 15, 2007, Sheakalee served a "disclosure of expert witness," naming Dr. Thomas O'Laughlin ("Dr. O'Laughlin") and Dr. Harwinder Singh ("Dr. Singh") as expert witnesses to provide testimony at trial. Dr. O'Laughlin was Sheakalee's treating physician at the time the claim decision was made. Dr. Singh was Sheakalee's treating physician from approximately May 2008 to January 2009.

On February 13, 2009, USIC filed a motion to limit the record or in the alternative, motion to strike Sheakalee's expert witness disclosure. USIC contends that the court cannot consider evidence outside the administrative record. USIC also contends that Sheakalee's expert witness disclosure fails to comply with Rule 26(a)(2)(B) because Plaintiff did not serve a written report.

On February 24, 2009, Plaintiff filed an opposition brief and contends that the court can consider evidence outside the administrative record.

On March 9, 2009, USIC filed a reply.

On March 12, 2009, the court took the matter under submission.

## **LEGAL STANDARD**

Where a plan grants the administrator or fiduciary discretionary authority to determine eligibility for benefits, trust principles make a deferential standard of review appropriate. Metropolitan Life Ins. Co. v. Glenn, – U.S. –, 128 S. Ct. 2343, 2348 (2008); Burke v. Pitney Bowes Inc. Long-Term Disability Plan, 544 F.3d 1016, 1024 (9th Cir. 2008); Abatie v. Alta Health Ins. Co., 458 F.3d 955, 963 (9th Cir. 2006). The Policy expressly gives USIC, the plan

administrator, discretionary authority to determine eligibility for benefits. Thus, an abuse of discretion standard applies in this matter.

If "a benefit plan gives discretion to an administrator or fiduciary who is operating under a conflict of interest, that conflict must be weighed as a 'factor in determining whether there is an abuse of discretion.'" Glenn, 128 S. Ct. at 2348 (quoting Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989); Nolan v. Heald College, 551 F.3d 1148, 1153 (9th Cir.); Burke, 544 F.3d at 1024. As is the case here, an employer has a conflict of interest when it both funds the plan and evaluates the claims, and the court must take this conflict into account when it reviews the decision to deny benefits. Glenn, 128 S. Ct. at 2348; Firestone, 489 U.S. at 115; Burke, 544 F.3d at 1024. When the court reviews the lawfulness of benefit denials, the court will often "take account of several different considerations of which a conflict of interest is one." Glenn, 128 S. Ct. at 2351. The court is "to temper the abuse of discretion standard with skepticism 'commensurate" with the conflict." Nolan, 551 F.3d at 1153; Abatie, 458 F.3d at 959, 965, 969. The Supreme Court explained as follows:

> In such instance, any one factor will act as a tiebreaker when the other factors are closely balanced, the degree of closeness necessary depending upon the tiebreaking factor's inherent or case-specific importance. The conflict of interest at issue here, for example, should prove more important (perhaps of great importance) where circumstances suggest a higher likelihood that it affected the benefits decision, including, but not limited to, cases where an insurance company administrator has a long history of biased claims administration. See Langbein, supra at 1317-1321 (detailing such a history for one large insurer). It should prove less important (perhaps to a vanishing point) where the administrator has taken active steps to reduce potential bias and to promote accuracy, for example, by walling of claims administrators from those interested in firm finances, or by imposing management checks that penalize inaccurate decision making irrespective of whom the inaccuracy benefits. See Herzel & Colling, The Chinese Wall and Conflict of Interest in Banks, 34 Bus. Law 73, 114 (1978) (recommending interdepartemental information walls to reduce bank conflicts); Brief for Blue Cross Blue Shield Association at Amicus Curiae 15 (suggesting that insurers have incentives to reward claims processors for their accuracy); cf. generally J. Mashaw, Bureaucratic Justice (1983) (discussing internal controls as a sound method of producing administrative accuracy).

Glen, 128 S.Ct. at 2351.

The general rule is that "when applying an abuse of discretion standard to an ERISA plan, the district court's review is limited to the administrative record." Burke, 544 F.3d at 1027-28

(quoting Abatie, 458 F.3d at 970). However, the court may consider evidence outside the administrative record "to decide the nature, extent and effect on the decision-making process of any conflict of interest." Nolan, 551 F.3d at 1153; Burke, 544 F.3d at 1028; Abatie, 458 F.3d at 970. "Similarly, the district court may consider evidence outside the administrative record if it determines that procedural irregularities prevented the full development of the administrative record." Burke, 544 F.3d at 1028; Abatie, 458 F.3d at 970.

**DISCUSSION**

Plaintiff seeks to introduce evidence outside the administrative record through the testimony of his primary treating physicians, Dr. O'Laughlin and Dr. Singh. Plaintiff desires to introduce Dr. O'Laughlin's and Dr. Singh's testimony for three reasons: (1) Evidence of malice, self-dealing, or parsimonious claims granting history; (2) Failure to adequately investigate the claim; and (3) Failure to give proper consideration to Dr. O'Laughlin's reports.

A.  Dr. O'Laughlin's Testimony

    1.  Testimony Going to Merits of Plaintiff's Disability

Plaintiff contends that Dr. O'Laughlin, as Plaintiff's treating physician, is entitled to testify as an expert regarding Plaintiff's treatment and diagnosis. See Plaintiff's Opposition at 3. Testimony from Plaintiff's treating physician is inadmissable to the extent such evidence goes to the merits of Plaintiff's case, i.e. whether Plaintiff is in fact disabled. In deciding whether the plan administrator's determination that Plaintiff is not disabled under the plan was clearly erroneous, the court is limited to the record before the plan administrator, and the court cannot order the administrator to take more evidence. Abatie, 458 F.3d at 970. Thus, Plaintiff may not present evidence by his treating physician on the issue of Plaintiff's disability.

Additionally, Dr. O'Laughlin's opinions and records regarding causation, diagnosis, and the extent of disability are already part of the administrative record. Thus, Dr. O'Laughlin's testimony would be duplicative of the administrative record.

    2.  Testimony Showing Conflict of Interest-Malice, Self-Dealing, or Parsimonious Claims Granting History

4

Plaintiff desires to admit the testimony from Dr. O'Laughlin because the testimony would provide evidence of "malice, of self-dealing, or of a parsimonious claims granting history." See Plaintiff's Opposition at page 6. Plaintiff, however, does not provide sufficient facts or evidence to support how Dr. O'Laughlin's testimony regarding Plaintiff's condition would show malice, self-dealing, or a parsimonious claims granting history. Based on Plaintiff's vague allegations, the court finds that Dr. O'Laughlin is not allowed to testify on these grounds.

3. <u>Testimony Showing Conflict of Interest-Failure to Properly Investigate Plaintiff's Claim</u>

Plaintiff contends that USIC failed to adequately investigate the claim by refusing to make any contact with Dr. O'Laughlin before denying Sheakalee's claim. See Plaintiff's Opposition at page 6. Plaintiff appears to argue that if USIC had contacted Dr. O'Laughlin to explain his findings, USIC would have easily seen that Plaintiff is disabled.

If USIC's investigation was so minimal, Plaintiff's evidence of what Dr. O'Laughlin would have told USIC if properly asked may be relevant to show a conflict of interest.[2] The court may consider extrinsic evidence "when the irregularities have prevented full development of the administrative record. In that way the court may, in essence, recreate what the administrative record would have been had the procedure been correct." Abatie, 458 F.3d at 972-73. For example, in Dishman v. UNUM Life Ins. Co. of America, 269 F.3d 974 (9th Cir. 2001), the Ninth Circuit affirmed the district court's decision to allow the introduction of evidence outside the administrative record because the insurance company had precluded the plaintiff from presenting relevant evidence prior to terminating benefits or in a subsequent appeal, and as such, the insurance company essentially failed to conduct an administrative review. Id. at 985-86.

In Friedrich v. Intel Corp., 181 F.3d 1105, 1110 (9th Cir. 1999), the plan's appeals

---

[2]To be clear, the court is not ruling that Dr. O'Laughlin's testimony is going to be admissible at trial. At this juncture, the court is merely ruling that the admissibility of Dr. O'Laughlin's testimony is not foreclosed. The court's determination of whether Dr. O'Laughlin is ultimately allowed to testify at trial will be made *only if* Plaintiff files a motion in limine and makes a showing that USIC failed to conduct a proper investigation.

5

committee had before it only the treating physicians disorganized and unexplained data but also was given drafted opinions from the plan's examining physicians. Id. at 1110. No documents by the treating physicians discussed the disability criteria at issue and they were incomprehensible and illegible. Id. at 1111. In contrast, the typed reports from the plan's examining physicians specifically addressed the objective medical evidence requirement and the mental illness exclusion of the plan. The plan never provided its examining physician's reports to the plaintiff or his treating physician for comment. Id. at 1009. In essence, the claims process utilized by the plan denied the plaintiff the opportunity to demonstrate disability based on the facts being used by the plan.

In Saffon v. Wells Fargo & Co. Long Term Disability Plan, 522 F.3d 863 (9th Cir. 2008), the Ninth Circuit reiterated a plan's duty to have a meaningful dialogue with its beneficiary in deciding whether to grant or deny benefits. Id. at 878. In Saffon, the plan disregarded this responsibility by communicating directly with the plaintiff's doctors without advising the plaintiff of the communication. In addition, the plan took various doctors' statements out of context or otherwise distorted them in an apparent effort to support a denial of benefits. Id. The plan's letter to the treating doctor gave him 10 days to respond if he disagreed with a reviewing doctor's report, but this report was not sent to the plaintiff. Id. at 878, n.3. The doctor missed the 10-day deadline and because Saffon was not notified, she was not in a position to urge him to timely respond or ask that the plan extend the deadline. Id. Finally, the plan tended to communicate with the plaintiff's primary care physician, who had very little to do with treatment for the plaintiff's back injury. The Ninth Circuit concluded by saying: "A doctor is not a lawyer; though he may provide information that is relevant to a claimant's disability, his actions (or inaction) cannot bind his client. If a claims administrator communicates with a doctor who has treated a beneficiary, it must disclose that fact to the patient in a meaningful time." Id.

Based on this authority, the court finds that the proposed testimony of Plaintiff's treating physician, Dr. O'Laughlin, is admissible *if* the administrative record was not fully developed.

Plaintiff must first show from the administrative record that USIC conducted an improper investigation, i.e. there was no "meaningful dialogue" with Plaintiff and/or USIC did not seek further information from Plaintiff's treating physicians and relied only on their brief and vague records. Evidence outside the record may only be considered to show an abuse of discretion. Thus, Plaintiff may not provide evidence from Dr. O'Laughlin *unless* Plaintiff provides an offer of proof from the administrative record showing specifically how the record was not fully developed.

Lastly, *if* Plaintiff does meet its burden and provides evidence of an improper investigation, then Dr. O'Laughlin may be permitted to testify as a percipient witness and not an expert witness as Plaintiff has failed to comply with Rule 26 (a)(2)(B) and this court's September 25, 2008 scheduling order. The September 25, 2008 scheduling order instructed the parties that: "the written designation of experts shall be made pursuant to Fed. R. Civ. P. Rule 26(a)(2), (A) and (B) and shall include all information required thereunder. Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order." Rule 26 provides that expert disclosures must be accompanied by a written report if the witness is one retained to provide expert testimony. Fed. R. Civ. P. 26(a)(2)(B). Plaintiff designated Dr. O'Laughlin as an expert but did not serve USIC with a written report. Accordingly, Plaintiff's disclosure of Dr. O'Laughlin as an expert is improper.[3]

    4.    <u>Testimony Showing Conflict of Interest-Failure to Give Proper Consideration to Dr. O'Laughlin's Reports</u>

Plaintiff also contends that USIC did not give proper consideration to Dr. O'Laughlin's reports that Plaintiff was disabled. In deciding whether the plan administrator's determination

---

[3]The court wishes to emphasize that Dr. O'Laughlin's testimony is not being excluded or limited on the grounds that Plaintiff failed to serve a written report but rather as discussed more fully above because under <u>Burke</u> and <u>Abatie</u>, the court may only consider evidence outside the administrative record to determine if procedural irregularities prevented the full development of the record.

1 that Plaintiff is not disabled under the plan was clearly erroneous, the court is limited to the
2 record before the plan administrator, and the court cannot order the administrator to take more
3 evidence. Abatie, 458 F.3d at 970. Thus, Plaintiff may not present evidence by Dr. O'Laughlin
4 on this issue.

5       Additionally, as discussed above, Dr. O'Laughlin's opinions and records regarding the
6 extent of Plaintiff's disability are already part of the administrative record. Thus, Dr.
7 O'Laughlin's testimony would be duplicative of the administrative record.

8 B.     <u>Dr. Harwinder Singh's Testimony</u>

9       Dr. Singh became Plaintiff's treating physician three years after Plaintiff's claim was
10 denied. As such, Dr. Singh's potential testimony was never before the claim administrator at the
11 time Sheakalee's claim was being evaluated. Plaintiff does not sufficiently articulate how Dr.
12 Singh's testimony regarding Plaintiff's condition three years after the claim was denied would
13 demonstrate evidence of malice, self-dealing, or of a parsimonious claims-granting history.
14 Accordingly, Dr. Singh's testimony is inadmissable.

15       Additionally, to the extent the court could consider Dr. Singh's testimony for the limited
16 purpose of showing that USIC failed to adequately investigate the claim, Plaintiff appears to be
17 claiming that the investigation was inadequate because USIC did not contact Dr. O'Laughlin.
18 Accordingly, if Plaintiff is able to meet its burden and demonstrate the lack of a proper
19 investigation, then the court would permit Dr. O'Laughlin to testify because of Dr. O'Laughlin's
20 personal knowledge as to the communications or lack of communications between Dr.
21 O'Laughlin and USIC. Dr. Singh's testimony would not aid the court with respect to this issue.

22       Lastly, Plaintiff has failed to comply with Rule 26(a)(2)(B) and this court's September
23 25, 2008 scheduling order, in which the parties are instructed that "the written designation of
24 experts shall be made pursuant to Fed. R. Civ. P. Rule 26(a)(2), (A) and (B) and shall include all
25 information required thereunder. Failure to designate experts in compliance with this order may
26 result in the Court excluding the testimony or other evidence offered through such experts that

are not disclosed pursuant to this order." Rule 26 provides that expert disclosures must be accompanied by a written report if the witness is one retained to provide expert testimony. Plaintiff designated Dr. Singh as an expert but did not serve USIC with a written report. Accordingly, Plaintiff's disclosure of Dr. Singh as an expert is improper.[4]

**ORDER**

1. Plaintiff is PRECLUDED from presenting evidence from Dr. O'Laughlin and Dr. Singh to the extent Plaintiff is introducing this evidence to show Plaintiff's disability.

2. Plaintiff is NOT PRECLUDED from introducing Dr. O'Laughlin's percipient witness testimony but only to show that USIC failed to conduct a proper investigation.

3. Plaintiff is forewarned that the court **will not** consider Dr. O'Laughlin's testimony unless Plaintiff files a motion in limine within thirty (30) days of service of this order and makes a showing that USIC failed to conduct a proper investigation.

4. Plaintiff is PRECLUDED from introducing Dr. Singh's testimony for all purposes.

5. Plaintiff is PRECLUDED from presenting evidence from Dr. O'Laughlin to the extent Plaintiff is introducing this evidence to show malice, self-dealing, or a parsimonious claims granting history.

IT IS SO ORDERED.

Dated:  March 17, 2009            /s/ Anthony W. Ishii
                                  CHIEF UNITED STATES DISTRICT JUDGE

---

[4]The court notes that Dr. Singh is not being excluded solely on the grounds that Plaintiff failed to file a written report. Rather, Dr. Singh's testimony would not aid the court with respect to whether USIC conducted a proper investigation of Plaintiff's claim given that Plaintiff contends that USIC failed to communicate with Dr. O'Laughlin.

9